**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Rex RYLAND, Jr., Defendant-Appellant.**

No. 85–1234.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 3, 1986.

Decided Dec. 22, 1986.

John Lyons, Asst. U.S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Emmett J. Ronan, Phoenix, Ariz., for defendant-appellant.

Before TANG, FARRIS, and POOLE, Circuit Judges.

FARRIS, Circuit Judge:

Rex Ryland, Jr., appeals from his conviction on five counts of conspiracy to import and distribute controlled substances, conspiracy to harbor a fugitive, conspiracy to violate the RICO statute, and engaging in a continuing criminal enterprise. The charges arose from the activities of a large drug organization that operated across much of the southern United States. The organization was allegedly led by Harold Garmany. Ryland and several other co-defendants were alleged to be "top managers" in the organization.

Ryland's trial began on March 6, 1985, in the District Court of Arizona. Evidence was presented at trial linking Ryland to Garmany and other members of the drug organization. There was evidence that Ryland had sold cocaine, arranged legal help for organization members, rented "safe houses" for Garmany, ordered the use of code names to conceal Garmany's identity, and supervised deliveries of marijuana. Ryland's most important function, however, was to receive and transport large amounts of cash paid to the organization for drugs. There was evidence that Ryland had supervised the delivery of cash from Atlanta to Miami and to offshore banks, and that he carried suitcases of cash from Atlanta to Phoenix for Garmany's expenses there.

■ On appeal, Ryland contends that Count V of the indictment should have been stricken because it improperly charged marijuana trafficking as a predicate offense under the RICO statute. 18 U.S.C. § 1962(c). We reject Ryland's argument. While we have not previously addressed the issue, we agree with the Fifth and Eleventh Circuits that marijuana trafficking is a predicate act under the RICO statute. See United States v. Phillips, 664 F.2d 971, 1039 (5th Cir.1981), cert. denied, 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354 (1982); United States v. Bascaro, 742 F.2d 1335, 1343 (11th Cir.1984), cert. denied, 472 U.S. 1017, 105 S.Ct. 3476, 87 L.Ed.2d 613 (1985).

■ Ryland's argument regarding the denial of a bill of particulars misconstrues the purpose of the bill of particulars. A defendant is not entitled to know all the evidence the government intends to produce but only the theory of the government's case. United States v. Giese, 597 F.2d 1170, 1181 (9th Cir.), cert. denied, 444 U.S. 979, 100 S.Ct. 480, 62 L.Ed.2d 405 (1979). He is not entitled to know the content of the testimony of each of the government witnesses before trial.

■ The record satisfies us that there was an adequate foundation for the introduction of the ledgers into evidence. The government offered considerable evidence about the authorship and accuracy of the ledger entries that were admitted. The requirements of Rule 803(6) were satisfied. See United States v. Ordonez, 737 F.2d 793, 805 (9th Cir.1984).

■ Ryland's argument that the consecutive sentences imposed upon him are an impermissible double punishment has at least three shortcomings. First, his reliance on Jeffers v. United States, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977), is misplaced. Jeffers dealt with the interplay between 21 U.S.C. §§ 848 and 846. Jeffers had successfully moved for consecutive trials on counts involving § 846 and § 848. He was then found guilty and sentenced to 15 years and a $25,000 fine under § 846 in the first trial, and to life plus a $100,000 fine in the second trial. The Supreme Court only required that the fine be reduced in the second trial so that the total of the two fines did not exceed the $100,000 limit in § 848. Moreover, since the petitioner was not eligible for parole at any time, the court did not even reach the issue of whether the two prison sentences presented any possibility of cumulative punishment. Ryland's contentions, however, address the alleged overlap between RICO and the other offenses.

Second, the elements of the RICO statute are not contained in the other statutes under which Ryland was charged. The accepted test for determining whether two offenses are the same for the purposes of double jeopardy is "whether each provision requires proof of an additional fact which the other does not." Blockburger v. Unit-

*ed States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932); *see also Albernaz v. United States,* 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981).

Third, other courts have determined that sentencing under both RICO and either 21 U.S.C. § 848 or § 846 does not constitute double jeopardy. In *United States v. Phillips,* 664 F.2d 971 (5th Cir.1981), the Fifth Circuit allowed sentencing under both RICO §§ 1961(c) and (d) and § 848, because RICO counts are not lesser included offenses of the § 848 count and "[b]oth the substantive RICO and the RICO conspiracy counts require proof of facts and elements not required to be proved under § 848...." *Id.* at 1013. In *United States v. Thomas,* 757 F.2d 1359 (2d Cir.), *cert. denied,* —— U.S. ——, 106 S.Ct. 66, 88 L.Ed.2d 54 (1985), the Second Circuit found "that cumulative punishments for those convicted of a § 846 narcotics conspiracy and a § 1962(d) RICO conspiracy is proper." *Id.* at 1371. In short, Ryland's arguments find no support.

We have considered ,Ryland's other assignments of error. The trial court properly ruled on the questions presented to it. We find no plain error as to the other alleged errors.

AFFIRMED.