UNITED STATES of America, Appellee,

v.

Ishmael MUHAMMAD, a/k/a Samuel Jones, Defendant-Appellant.

No. 674, Docket 86–2291.

United States Court of Appeals, Second Circuit.

Argued Jan. 14, 1987.
Decided July 28, 1987.

Bruce A. Green, Asst. U.S. Atty. for S.D.N.Y. (Rudolph W. Giuliani, U.S. Atty. for S.D.N.Y., Margaret S. Groban, Asst. U.S. Atty. for S.D.N.Y., of counsel), for appellee.

Michael Young, New York City, for defendant-appellant.

Before PRATT and MINER, Circuit Judges, and CHARLES H. TENNEY, Senior Judge of the United States District Court for the Southern District of New York, sitting by designation.

GEORGE C. PRATT, Circuit Judge:

The only significant issue on this appeal is whether the double jeopardy clause of the fifth amendment bars separate judgments of conviction and imposition of cumulative punishments for supervising a continuing criminal enterprise ("CCE") engaged in narcotics distribution in violation of 21 U.S.C. § 848 and for conspiring to engage in an illegal racketeering enterprise in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(d). Appellant Ishmael Muhammad argues, *inter alia*, that we should first inquire into the facts underlying his convictions, and then conclude that because those convictions are based on the same transactions, he has been twice convicted for the same offense. In addition, Muhammad contends that all his convictions should be set aside for insufficient evidence and improper jury instructions.

Case law in this circuit, however, dictates that a proper double jeopardy analysis involves a legal approach rather than the fact-specific inquiry urged by Muhammad. After reviewing the two statutes, we conclude that congress intended to provide multiple punishments for violations of their provisions and that the double jeopardy clause does not bar Muhammad's consecutive sentences. The other contentions raised on appeal are either barred from

further judicial review or totally without merit. Accordingly, we affirm the order denying Muhammad's post-conviction motion.

## BACKGROUND

In October and November 1983 Muhammad and seven codefendants were tried in the United States District Court for the Southern District of New York, before the Hon. Milton Pollack, *Judge,* on charges of narcotics, firearms, and RICO violations arising from the operation of a massive narcotics ring governed by a body known as the "council". After a six-week trial, the jury returned guilty verdicts on 32 of the 43 counts with which Muhammad and his co-defendants had been charged. Muhammad, who had been charged in five different counts, was acquitted on two of them and convicted for conspiring to distribute heroin in violation of 21 U.S.C. § 846, for operating a CCE in violation of *id.* § 848, and for conspiring to violate RICO by participating in the affairs of an illegal enterprise that trafficked in controlled substances, in violation of 18 U.S.C. § 1962(d). On January 12, 1984, Judge Pollack sentenced Muhammad to life imprisonment without parole and a $50,000 fine on the CCE conviction and to a consecutive fifteen year prison term and a $12,500 fine on the RICO conspiracy conviction. The drug conspiracy and CCE convictions merged for purposes of sentencing. *See United States v. Sperling,* 560 F.2d 1050, 1055 (2d Cir.1977).

On his direct appeal Muhammad specifically argued that the evidence was insufficient to support his CCE conviction; he also adopted all contentions made on the joint appeal by his co-defendants, including the ascription of error to Judge Pollack's jury charge on the elements of the CCE count. We rejected all the arguments raised on that appeal, finding "only a few merit[ing] discussion", and affirmed all judgments of conviction. *United States v. Thomas,* 757 F.2d 1359, 1362 (2d Cir.), *cert. denied,* 474 U.S. 819, 106 S.Ct. 66, 88 L.Ed.2d 54 (1985).

Since that first appeal Muhammad has challenged his convictions by two *pro se* motions under 28 U.S.C. § 2255. In the first, filed on October 1, 1985, Muhammad moved for a new trial, claiming that his presentence investigatory report contained uncorrected, false, and derogatory information, and, for the second time, that the trial evidence failed to support his CCE conviction. Although noting that the sufficiency claim had already been raised and rejected on Muhammad's direct appeal, nevertheless the district court disposed of Muhammad's claims on the merits and denied the motion in an unpublished opinion issued November 15, 1985.

In his second § 2255 motion, which is the basis for this appeal, Muhammad sought to have his sentence vacated on the grounds that it was improper for the district court to impose consecutive sentences under the CCE and RICO conspiracy convictions, that the trial evidence was insufficient to support any of the counts on which he was convicted, and that Judge Pollack had given erroneous jury instructions on the CCE count. In an unpublished opinion dated June 10, 1986, Judge Pollack denied the motion, holding that consecutive sentencing was permissible on the CCE and RICO conspiracy counts because each statute requires proof of a fact that the other does not. He refused to consider the sufficiency claim relating to the CCE conviction because Muhammad was not privileged to raise collaterally the same issue on the same ground that he had presented unsuccessfully on two prior occasions. As for the sufficiency of the evidence to support the narcotics and RICO conspiracies, Judge Pollack ruled that Muhammad's deliberate by-pass of those issues on his direct appeal and on his first § 2255 motion precluded collateral review here; nevertheless, Judge Pollack opined that the evidence amply supported those convictions. He did not separately address the jury instructions claim.

On appeal Muhammad claims initially that he has been subjected to multiple consecutive punishments for charges that constitute the same offense. Citing to the double jeopardy test enunciated in *Blockburger v. United States,* 284 U.S. 299, 52

S.Ct. 180, 76 L.Ed. 306 (1932), Muhammad contends that his double jeopardy rights have been violated because § 1962(d) fails to require proof of any element not also required under § 848, and because the factual allegations supporting these two charges were identical. Muhammad contends that of the 36 predicate acts alleged in the RICO conspiracy count, 33 were also alleged as predicate acts under the CCE count, and that the remaining three did not pertain to him. Muhammad argues further that his claims of insufficient evidence and improper jury instructions may properly be raised on this appeal because the government cannot show he sought to gain a tactical advantage by failing to raise those issues earlier.

For the reasons discussed below, we affirm.

### DISCUSSION

#### A. *Double Jeopardy Claim.*

Muhammad presents a familiar problem in a novel setting. On several occasions we have determined whether convictions under separate sections of the federal criminal law, arising from the defendant's involvement in a single event or a common series of events, violate double jeopardy principles. For instance, we specifically have held that engaging in a § 846 narcotics conspiracy and in a § 848 CCE constitutes "the *same offense* when they both arise out of a defendant's participation in a managerial capacity in a single, large-scale [narcotics] conspiracy." *United States v. Sperling,* 560 F.2d at 1054 (emphasis in original).

On the other hand, we have sustained, against double jeopardy challenges, convictions arising out of the same factual nuclei under the following statutes: bank larceny, 18 U.S.C. § 2113(b), and making false statements in connection with a bank loan application, *id.* § 1014, *United States v. Bradley,* 812 F.2d 774, 780 (2d Cir.), *petition for cert. filed* (April 17, 1987); acquiring or maintaining an interest in a RICO enterprise, 18 U.S.C. § 1962(b), and engaging in the conduct of a RICO enterprise's affairs, *id.* § 1962(c), *United States*

*v. Biasucci,* 786 F.2d 504, 516 (2d Cir.), *cert. denied,* — U.S. —, 107 S.Ct. 104, 93 L.Ed.2d 54 (1986); obstruction of justice, 18 U.S.C. § 1503, and making false declarations before a grand jury, *id.* § 1623, *United States v. Langella,* 776 F.2d 1078, 1081–82 (2d Cir.1985), *cert. denied,* — U.S. —, 106 S.Ct. 1207, 89 L.Ed.2d 320, (1986); narcotics conspiracy, 21 U.S.C. § 846, and RICO conspiracy, 18 U.S.C. § 1962(d), *United States v. Thomas,* 757 F.2d 1359, 1371 (2d Cir.), *cert. denied,* 474 U.S. 819 106 S.Ct. 66, 88 L.Ed.2d 54 (1985); bank larceny, 18 U.S.C. § 2113(b), and theft from a foreign shipment, *id.* § 659, *United States v. Marrale,* 695 F.2d 658, 662–63 (2d Cir.1982), *cert. denied,* 460 U.S. 1041, 103 S.Ct. 1434, 75 L.Ed.2d 793 (1983); mail fraud, 18 U.S.C. § 1341, and the interstate transportation of the proceeds of illegal securities sales, *id.* § 2314, *United States v. Slocum,* 695 F.2d 650, 656–57 (2d Cir. 1982), *cert. denied,* 460 U.S. 1015, 103 S.Ct. 1260, 75 L.Ed.2d 487 (1983); conflict of interest, 18 U.S.C. § 203(a), and bribe receiving, *id.* § 201(c), *United States v. Alexandro,* 675 F.2d 34, 42–43 (2d Cir.), *cert. denied,* 459 U.S. 835, 103 S.Ct. 78, 74 L.Ed.2d 75 (1982); false personation, 18 U.S.C. § 1546, and false presentment, *id.,* regarding a visa application containing false statements, *United States v. Khalje,* 658 F.2d 90, 92 (2d Cir.1981); and, the general conspiracy statute, 18 U.S.C. § 371, and the RICO conspiracy statute, *id.* § 1962(d), *United States v. Barton,* 647 F.2d 224, 236–37 (2d Cir.), *cert. denied,* 454 U.S. 857, 102 S.Ct. 307, 70 L.Ed.2d 152 (1981); *see also United States v. Nakashian,* 820 F.2d 549 (2d Cir.1987) (reversing district court order to dismiss as multiplicitous indictment charging violations of 21 U.S.C. § 963 (conspiracy to import hashish), *id.* § 846 (conspiracy to distribute, and possess with intent to distribute, hashish), and 18 U.S.C. § 371 (conspiracy to defraud the United States)).

The analysis we have applied to the double jeopardy claims asserted in the post-*Sperling* cases cited above is derived from the holding in *Albernaz v. United States,* 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275

(1981), and focuses on whether congress intended to permit cumulative punishments. By reaffirming that *Blockburger* supplies the test to be applied when a single event or series of events is found to violate several statutory provisions, a test that " 'focuses on the statutory elements of the offense' ", *id.* at 338, 101 S.Ct. at 1142 (quoting *Iannelli v. United States*, 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 1293 n. 17, 43 L.Ed.2d 616 (1975)); *see also United States v. Woodward*, 469 U.S. 105, 108, 105 S.Ct. 611, 612, 83 L.Ed.2d 518 (1985) (per curiam), *Albernaz* rejected the fact-specific inquiry in which the *Sperling* majority engaged and which Muhammad urges us to apply on this appeal. *United States v. Bradley*, 812 F.2d at 780 ("[t]he [*Blockburger* ] test is applied to the statutory definition, not to the proof in a particular case"); *United States v. Langella*, 776 F.2d at 1082 ("*Albernaz* requires us to focus on the provisions of the statutes involved, rather than on the evidence adduced at trial, to determine whether the punishment appellant received was proper under *Blockburger*.").

Thus, we look to three factors: the language of the statutes, how those statutes fare under the *Blockburger* test, and express congressional intent, if any, on the issue of multiple punishments. *Albernaz*, 450 U.S. 336–42, 101 S.Ct. at 1140–41; *see Marrale*, 695 F.2d at 662. The offenses charged here are set forth not only in separate statutes, but also in separate titles of the federal criminal code, and each contains separate penalty provisions. In the language of *Albernaz*, the CCE and RICO conspiracy statutes are "unambiguous on their face and each authorizes punishment for a violation of its terms." 450 U.S. at 336, 101 S.Ct. at 1141.

Turning to the *Blockburger* test, we inquire "whether each provision requires proof of a fact which the other does not." 284 U.S. at 304, 52 S.Ct. at 182. Among the elements of the CCE statute are that the defendant act in a supervisory capacity over a narcotics enterprise and derive substantial income or resources from that enterprise. *See* 21 U.S.C. § 848. Neither element is required under 18 U.S.C. § 1962(d). Under that section, the government must prove a conspiracy to conduct the affairs of an ongoing organization, whose associates function as a continuing unit, through a pattern of racketeering activity. *See United States v. Turkette*, 452 U.S. 576, 583, 101 S.Ct. 2524, 2528, 69 L.Ed.2d 246 (1981); *Barton*, 647 F.2d at 237. Section 848 does not contain the "enterprise" or "pattern" elements of the RICO conspiracy statute. In fact, the CCE supervisor's relationship with her associates can be individual and separate, *see United States v. Phillips*, 664 F.2d 971, 1013 (5th Cir.1981), *cert. denied*, 457 U.S. 1136, 102 S.Ct. 2465, 73 L.Ed.2d 1354 (1982), and she need not act in concert with them simultaneously, *United States v. Barnes*, 604 F.2d 121, 157 (2d Cir.1979), *cert. denied*, 446 U.S. 907, 100 S.Ct. 1833, 64 L.Ed.2d 260 (1980).

Legislative history is silent on the interplay between, and the prospect of cumulative punishments under, the CCE and RICO conspiracy statutes. However, our conclusion that cumulative punishments are constitutionally permissible is reinforced by the fact that the two statutes are directed to separate evils. *See Albernaz*, 450 U.S. at 343, 101 S.Ct. at 1144. Section 848 targets supervisors of narcotics enterprises; RICO is aimed at all those who, through an enterprise, participate in acts of racketeering activity, whether those acts be narcotics offenses or other specified crimes. In short, the application of the three-part double jeopardy inquiry provided in *Albernaz* demonstrates congress's intent to provide multiple punishments for violations of the CCE statute, 21 U.S.C. § 848, and the RICO conspiracy statute, 18 U.S.C. § 1962(d). Accordingly, Muhammad's double jeopardy claim must fail.

We note, in addition, that Muhammad is amiss in arguing that the predicate acts with which he was charged on the CCE count are identical factually with those relating to the RICO conspiracy count. Nine non-narcotics predicate acts, including murder, attempted murder, and conspiracy to commit murder, were alleged in the RICO conspiracy count. These acts also appear among the overt acts charged

in the narcotics conspiracy count, which, by reference, were incorporated into the CCE count along with the narcotics-related predicate acts. That incorporation, however, was over-inclusive. Since only narcotics felony offenses can serve as predicate acts under the CCE statute, *see* 21 U.S.C. § 848(b); *see also United States v. Phillips*, 664 F.2d at 1014, the non-narcotics charges were at best surplusage and could not have supported Muhammad's CCE conviction. The offenses, therefore, are the same neither in law nor in fact.

### B. *Muhammad's Other Claims.*

■ Muhammad's remaining claims need not detain us long. On his claim of insufficient evidence to support his CCE conviction, Muhammad previously obtained two determinations of that claim on the merits. Since he now fails to allege new or different grounds for relief, the district court properly rejected his attempt to reassert that claim. In addition, the claim of improper jury instructions on the elements of the CCE count was considered by the panel on Muhammad's direct appeal, which, as mentioned above, ruled that it was not even worthy of discussion. Therefore, Judge Pollack properly dismissed those claims pursuant to rule 9(b) of the rules governing proceedings under 28 U.S.C. § 2255. *See Sanders v. United States*, 373 U.S. 1, 15, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 146 (1963).

■ As for Muhammad's claims of insufficient evidence and improper jury instructions relating to his narcotics conspiracy and RICO conspiracy convictions, because Muhammad knew of those claims at the times of his direct appeal and of his first postconviction motion but deliberately withheld them from the court's consideration, he has waived them. *See id.* at 17–18, 83 S.Ct. at 1078; *see also Antone v. Dugger*, 465 U.S. 200, 205–06, 104 S.Ct. 962, 964, 79 L.Ed.2d 147 (1984) (per curiam); *Williams v. United States*, 731 F.2d 138, 142 (2d Cir.1984), *cert. denied*, 469 U.S. 1188, 105 S.Ct. 956, 83 L.Ed.2d 963 (1985).

Affirmed.