972 F.2d 347
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John LUDDEN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-3196.
 United States Court of Appeals, Sixth Circuit.
 Aug. 6, 1992.
 
 Before RALPH B. GUY, Jr. and RYAN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 John Ludden, a pro se federal prisoner, appeals the district court's order denying his motion to vacate, set aside, or correct sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Ludden pleaded guilty in 1986 to one count of uttering a forged United States Treasury check with intent to defraud. On October 3, 1986, the district court sentenced Ludden to six years imprisonment, but deferred execution of that sentence and placed him under bond supervision for 120 days to evaluate his progress in an alcohol rehabilitation program. After extending Ludden's bond supervision for two additional 120-day periods, the court vacated its sentence imposed October 3, 1986, and resentenced Ludden on October 6, 1987, to six years deferred custody and two years probation. Due to a violation of the conditions of his probation, however, that sentence was vacated on September 6, 1989, and Ludden was resentenced to six years imprisonment. Ludden's motion for reduction of sentence, filed under Fed.R.Crim.P. 35, was denied in an order filed March 4, 1991.
 
 
 3
 In his present motion under § 2255, Ludden raised four grounds for relief: (1) he was denied counsel when he was sentenced to probation, (2) he was not present at the hearing where he was sentenced to probation, (3) his sentence was too harsh, and (4) he did not receive credit for time served on restrictive bond supervision. The district court denied this motion in an opinion and judgment filed February 12, 1992. The district court denied Ludden's first three grounds as successive under Rule 9(b), Rules Governing Section 2255 Proceedings, finding that the first two could have been raised at his probation violation hearing and in his Rule 35 motion, and that the third ground was rejected on the merits in the denial of his Rule 35 motion. The district court concluded that Ludden's fourth ground for relief was cognizable solely in a petition filed under 28 U.S.C. § 2241, which must be commenced in the district where Ludden is incarcerated.
 
 
 4
 On appeal, Ludden argues that the district court violated his right to due process by failing to have him present when he was sentenced to probation, and by denying him his right of allocution at that time. He has filed a "Motion to have Petitioner's Rebuttal and Addendum Included as Part of Original Record."
 
 
 5
 Upon review, we affirm the district court's order because Ludden has not established a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. See United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 6
 Ludden does not raise on appeal his issues regarding denial of counsel, excessively harsh sentence, and credit for time served. Thus, those issues are considered abandoned and are not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 7
 Ludden did not present the issue of denial of the right of allocution to the district court. Unless exceptional circumstances are present, this court normally will not address an issue not raised for the first time in the district court. See Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-45 (6th Cir.1991). In any event, denial of the right of allocution is generally not cognizable in a § 2255 motion. See Hill v. United States, 368 U.S. 424, 426 (1962); United States v. Turner, 741 F.2d 696, 698 n. 3 (5th Cir.1984).
 
 
 8
 Finally, because Ludden does not offer a valid reason why his right to be present when he was sentenced to probation was not raised in an earlier proceeding, he is precluded from raising it now. See United States v. Walsh, 733 F.2d 31, 34-35 (6th Cir.1984). See also United States v. Muhammad, 824 F.2d 214, 219 (2d Cir.1987), cert. denied, 484 U.S. 1013 (1988).
 
 
 9
 Accordingly, the district court's judgment, filed February 12, 1992, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit. Ludden's motion to include his rebuttal and addendum as part of the record is denied as moot because those items are already part of the record on appeal.