UNITED STATES of America, Appellee,

v.

Mark Dennard HOYLE, a/k/a Slim,
a/k/a Markie, Appellant.

Nos. 95–3157 to 95–3160.

United States Court of Appeals,
District of Columbia Circuit.

Argued April 23, 1997.

Decided Sept. 12, 1997.

Jensen E. Barber, Washington, DC, Vincent A. Jankoski, William J. Garber, and John J. Carney, all appointed by the court, argued the causes and filed the joint briefs for Appellant.

Andrew C. Phelan, Assistant U.S. Attorney, argued the cause for appellee, with whom Eric H. Holder, Jr., U.S. Attorney at the time the brief was filed, Washington, DC, John R. Fisher, Thomas C. Black, Washing-

ton, DC, Gregg A. Maisel, Rachel Adelman–Pierson, and Lynn C. Leibovitz, Assistant U.S. Attorneys, Washington, DC, were on the brief. Elizabeth Trosman, Assistant U.S. Attorney, Washington, DC, entered an appearance.

Before: SILBERMAN, WILLIAMS and HENDERSON, Circuit Judges.

Opinion for the Court filed by Circuit Judge SILBERMAN.

Concurring opinion filed by Circuit Judge HENDERSON.

SILBERMAN, Circuit Judge:

Appellants were convicted of participating in a RICO conspiracy and engaging in a continuing criminal enterprise (CCE). They contend that the imposition of cumulative sentences for these two offenses violates the Fifth Amendment's prohibition against double jeopardy. We affirm appellants' convictions.

### I.

Appellants are members of the so-called Newton Street Crew. They were found guilty after a five-month trial of a variety of offenses, including unlawful use of firearms, robbery, and murder relating to a conspiracy to distribute crack cocaine in the District of Columbia and Maryland. All four were shown to have been heavily involved in the organization's distribution of crack cocaine and use of violence, both to enforce organizational discipline and to eliminate competitors. Three of the four, Goldston, Hoyle, and McCollough, were further shown to have been leaders in the organization. They were each given multiple life sentences and assorted other prison terms. Although appellants raise numerous contentions on appeal, we think only one of these merits discussion.[1]

Hoyle, McCollough, and Goldston contend that it was an error of law for the district court to impose separate life sentences for violation of 18 U.S.C. § 1962(d) (1994) (RICO conspiracy) and 21 U.S.C. § 848 (1994) (CCE).[2] They argue that RICO conspiracy is a lesser included offense of CCE, and, thus, the imposition of cumulative sentences for these two crimes violates the Fifth Amendment's prohibition against double jeopardy.

### II.

Although the Double Jeopardy Clause literally protects against successive prosecutions for the same offense, it has been interpreted as also precluding multiple punishments for the same offense. *Albernaz v. United States*, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981). Under certain circumstances nominally separate offenses could be thought the same offense—thus implicating the clause. It is a matter of legislative intent. If the legislature intends that the two offenses be treated as the same offense, the Double Jeopardy Clause applies. If the legislature intends that the two offenses be distinct, it does not. When a defendant is charged with two offenses, the "Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter*, 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983).

In determining legislative, in this case congressional, intent, *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), directs that we break down the elements of the two crimes and determine "whether each provision requires proof of an additional fact which the other does not." *Id.* at 304, 52 S.Ct. at 182. If crime "A" has

---

1. We reject with one exception all of appellants' other challenges. Hoyle, McCullough, and Goldston argue that the separate sentences imposed for their 21 U.S.C. § 846 (1994) (conspiracy to distribute cocaine) and 21 U.S.C. § 848 (1994) (CCE) convictions are cumulative and violate the Fifth Amendment's Double Jeopardy Clause. The government concedes appellants' argument in light of the Supreme Court's recent holding in *Rutledge v. United States*, —— U.S. ——, 116 S.Ct.

1241, 134 L.Ed.2d 419 (1996). Accordingly, we vacate Hoyle's, McCullough's, and Goldston's § 846 drug conspiracy convictions along with the attendant $50 special assessments.

2. This challenge does not apply to appellant Harris because he was not charged with a CCE offense.

all the elements of crime "B"—even though "A" has additional ones that "B" does not—then "B" would be a lesser included offense within "A" and a defendant could not be charged with violation of "B" as well as "A" unless the legislature clearly indicated otherwise. *United States v. Baker*, 63 F.3d 1478, 1494 (9th Cir.1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 824, 133 L.Ed.2d 767 (1996).

■ Applying the *Blockburger* rule to determine whether RICO conspiracy is a lesser included offense incorporated within CCE, we observe that in order to make out a CCE violation the government must show that the defendant committed:"1) a felony violation of the federal narcotics law; 2) as part of a continuing series of violations; 3) in concert with five or more persons; 4) for whom the defendant is an organizer or supervisor; 5) from which he derives substantial income or resources." *United States v. Grayson*, 795 F.2d 278, 283–84 (3d Cir.1986). A "continuing series of violations" is defined as "at least three related felony narcotics violations, including the one charged." *United States v. Hall*, 93 F.3d 126, 129(4th Cir.1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 1087, 137 L.Ed.2d 220 (1997).

■ A RICO conspiracy charge, on the other hand, requires proof that the defendant agreed to further a substantive RICO violation. That obliges the government to show "(1) the existence of an enterprise which affects interstate or foreign commerce; (2) that the defendant 'associated with' the enterprise; (3) that the defendant participated in the conduct of the enterprise's affairs; and, (4) that the participation was through a pattern of racketeering activity, *i.e.*, by committing at least two acts of racketeering activity as defined by 18 U.S.C. § 1961(1)." *United States v. Phillips*, 664 F.2d 971, 1011 (5th Cir.1981).[3]

■ CCE's requirement that the defendant have organized or supervised five or more persons is not matched by any of the RICO conspiracy elements, but the question before us is not whether the offenses are identical—only whether if a CCE violation is shown, a RICO conspiracy is also necessarily made out. The government contends that the one element of RICO not subsumed within CCE is the requirement of a showing of a criminal enterprise. Such an enterprise is proved both by evidence of an ongoing organization and by evidence that the "associates are bound together ... so that they function as a continuing unit." *United States v. Perholtz*, 842 F.2d 343, 362 (D.C.Cir.1988); *see United States v. Turkette*, 452 U.S. 576, 583, 101 S.Ct. 2524, 2528, 69 L.Ed.2d 246 (1981). Appellants assert that such an organization and constancy of personnel are necessarily implied by CCE's requirement that the government prove a *continuing* series of violations, in *concert* with five or more persons, for whom the defendant is an *organizer* or supervisor.

Seven of our sister circuits have accepted the government's position, that a CCE violation does not require proof of the existence of a RICO enterprise. *United States v. Bennett*, 44 F.3d 1364, 1375 (8th Cir.), *cert. denied*, 515 U.S. 1123, 115 S.Ct. 2279, 132 L.Ed.2d 282 (1995); *United States v. Muhammad*, 824 F.2d 214, 218 (2d Cir.1987); *Grayson*, 795 F.2d at 286; *United States v. Ryland*, 806 F.2d 941, 943 (9th Cir.1986); *United States v. Love*, 767 F.2d 1052, 1061 n. 13 (4th Cir.1985); *United States v. Sinito*, 723 F.2d 1250, 1262 (6th Cir.1983); *Phillips*, 664 F.2d at 1014.

Although appellants are facing overwhelmingly negative case law on this exact issue, the Seventh Circuit—breaking with other circuits on the related question of whether a CCE violation is made out if the defendant supervised five subordinates on successive

---

**3.** The Supreme Court has held that "[i]n order to 'participate, directly or indirectly, in the conduct of [a RICO] enterprise's affairs,' one must have some part in directing those affairs." *Reves v. Ernst & Young*, 507 U.S. 170, 179, 113 S.Ct. 1163, 1170, 122 L.Ed.2d 525 (1993). We have yet to decide whether the *Reves* "operation or management" test also applies to RICO conspira-cy, *see United States v. Thomas*, 114 F.3d 228, 242 (D.C.Cir.1997), but the resolution of that question is not relevant to the disposition of this case. Even if we were to apply the "operation or management test" to a RICO conspiracy charge, the CCE statute contains an analogous requirement in its supervision prong.

occasions even if no two were operating under the defendant's direction at the same time[4]—has reasoned in a fashion that lends support to appellants' claim. In *United States v. Bond*, 847 F.2d 1233, 1237 (7th Cir.1988), the Seventh Circuit said that the CCE statute, designed to reach the so-called kingpins of the drug trade, *United States v. Johnson*, 575 F.2d 1347, 1358 (5th Cir.1978), was "aim[ed] at criminal organizations." Therefore, although it would not be necessary to show that the defendant supervised the *same* five persons through a continuous series of crimes, it would not suffice if "[a] small timer had one servant in January, a second in February, a third in March and so on." *Bond*, 847 F.2d at 1237. Judge Posner, dissenting in *United States v. Bafia*, 949 F.2d 1465 (7th Cir.1991), setting forth his understanding of the logic of *Bond*, thought that although simultaneous supervision of the same five subordinates was not required, the organization must have at least five "slots"—which does imply a continuous framework. *Id.* at 1481.[5] To be sure, the Seventh Circuit has not even suggested that such a concept is equivalent to a RICO enterprise, but that proposition might be thought a logical extension.

We think that the Seventh Circuit has a powerful position in contending that CCE does not cover the periodic employment by a drug dealer of a single rotating runner. Even if that is so, however, we do not believe that the government must show, under CCE, the structure of a continuing organization equivalent to a RICO "enterprise." The statute does refer to the defendant as an organizer or supervisor but one can organize events and supervise transitory subordinates without creating an organizational structure. And although the phrase "continuing series" certainly connotes related events, *see Hall*,

93 F.3d at 129, those events can be related by virtue of a defendant's specific *modus operandi*, even in the absence of the use of common subordinates.[6] Take as an example a drug dealer who, perhaps for security reasons, recruits a different group of distributors, picked rather at random in areas where such persons might be found. If he should do so on three separate days in a single month, on each occasion recruiting and temporarily organizing more than five runners with no overlap of personnel, this could be thought a "continuing series" of violations in concert with five or more persons for whom the defendant is the organizer or supervisor. But no actual organization or structure is formed; it is only inchoate.[7] In order to form an actual organization equating to RICO's "enterprise," there would have to be a certain core of constant personnel. Therefore, even if it is possible to describe a shadow structure complete with slots only in the defendant's mind as a CCE "organization," that seems too tenuous a concept to apply to RICO, which—it will be recalled—requires "associates bound together ... [in] ... a continuing unit."

The difference in the required evidence is explicable in light of the somewhat different objectives of the two statutes; CCE is aimed at the organizer more than the organization, whereas RICO is directed at the organization. *See Phillips*, 664 F.2d at 1013 n. 62 ("[CCE] focuses on the organizers of narcotics operations while RICO focuses on all direct and indirect participants in the organized criminal enterprise.").

\* \* \* \*

Therefore, we reject appellants' argument that their CCE and RICO convictions may not coexist.

---

4. *Compare Phillips*, 664 F.2d at 1010 (holding that the government need only prove that the defendant supervised at least five other persons and "such relationships need not have existed at the same moment of time ....") *and Muhammad*, 824 F.2d at 218, *with United States v. Bond*, 847 F.2d 1233, 1237 (7th Cir.1988).

5. The majority opinion does not really deal with Judge Posner's analysis.

6. If we did interpret the statute as requiring common subordinates, we then would be faced with the question of how much overlap was necessary.

7. Judge Posner spoke of a "table of organization that, however informal, has at least five spaces on it." *Bafia*, 949 F.2d at 1481. That logic could suggest that even an organizational structure in the defendant's mind would suffice for CCE purposes, but that still would not necessarily amount to an enterprise under RICO.

KAREN LeCRAFT HENDERSON, Circuit Judge, concurring:

While I fully concur in the result, I believe it is not necessary, and unwise, to opine on the simultaneity issue. As the opinion acknowledges, even if a CCE required simultaneous management of at least five subordinates, a RICO conspiracy charge would nonetheless not constitute a lesser included offense of the CCE charge. Majority Op. at 51.