UNITED STATES of America, Plaintiff,

v.

Nicholas MIDDLETON, Defendant.

No. CR–98–0167–CAL.

United States District Court,
N.D. California.

Jan. 21, 1999.

**1190**

Albert S. Glenn, Assistant U.S. Attorney, San Francisco, CA, for plaintiff.

David J. Cohen, San Francisco, CA, for defendant.

## ORDER ON MOTIONS

LEGGE, District Judge.

Defendant has made several motions, which have been opposed, briefed, argued, and submitted for decision.

The indictment charges one count, a violation of 18 U.S.C. § 1030(a)(5)(A). That section provides that whoever "knowingly causes the transmission of a program, information, code, or command, and as a result of such conduct, intentionally causes damage without authorization, to a protected computer" is guilty of a crime.

### I.

■ Defendant first moves to dismiss the indictment on the ground that its allegations are insufficient. The charging indictment closely tracks the language of the statute quoted above. It then goes on to charge that "defendant knowingly transmitted code and commands to a computer system of an Internet Service Provider within the Northern District of California, a computer system that was then used in interstate and foreign commerce, and that as a result of such conduct the defendant intentionally caused damage without authorization, and that damage caused a loss aggregating at least $5,00 during a one-year period...." The dispute is over the sufficiency of the allegation of damage.

The term "damage" for purposes of Section 1030(a)(5)(A) is defined in Subsection (e)(8) in four ways. The one that is at issue here is Subsection (e)(8)(A), defining "damage" as "causes loss aggregating at least $5,000 in value during any 1–year period to one or more individuals."

The indictment here specifically alleges that the damage was a loss aggregating at least $5,000 during a one-year period. The indictment does not use the words "to one or more individuals." However, the failure to include that language does not render the indictment fatally defective.

■ Federal Rule of Criminal Procedure 7(c) requires that an indictment be a plain, concise, and definite written statement of the essential facts constituting the offense

charged. "An indictment is sufficient if it contains the elements of the charged crime in adequate detail to inform the defendant of the charge and to enable him to plead double jeopardy." *United States v. Alber*, 56 F.3d 1106, 1111 (9th Cir.1995) (quoting *United States v. Buckley*, 689 F.2d 893, 896 (9th Cir.1982)). "An indictment must be read in its entirety and construed in accord with common sense and practicality." *Alber*, 56 F.3d at 1111.

This indictment meets those standards. The acts which defendant is alleged to have done are certainly set forth with adequate particularity, tracking the language of the statute. Subsection (a)5(A) states that it is unlawful to cause damage to a protected computer, but does not specify what that damage is. Subsection (e)(8) defines "damage" in four ways. The indictment charges that the damage was a loss aggregating at least $5,000 during a one-year period. That is clearly invoking the damage defined in Subsection (e)(8)(A).

The motion to dismiss the indictment on the ground of the insufficiency of the charge is therefore denied.

## II.

A more serious argument is that because of the requirement of the statute that the damage be to an "individual," it is not applicable to the facts of this case. Defendant argues that the term "to one or more individuals" includes only *natural* persons and not businesses. The government argues that "individuals" can include businesses as well as natural persons.

The indictment itself does not state whether the harm was to a natural person or not. The victim is identified only as an "Internet Service Provider." However, in the briefing on this motion the parties agree that the victim was a business entity known as Slip. net, which is not a natural person. Therefore, both sides ask this court to resolve the question of whether the "damage" defined by the statute must be to a natural person or can also be to other types of entities. There is no case decision on that issue under this statute. This court believes that the issue must be resolved based upon the intent of Congress.

A recent decision of the United States Supreme Court, *Clinton v. City of New York*, 524 U.S. 417, 118 S.Ct. 2091, 141 L.Ed.2d 393 (1998), discussed the use of the term "individual" in a statute, in the context of the Line Item Veto Act. That act provides that an "individual" adversely affected by the act can bring an action challenging its constitutionality. The Court interpreted the term "individual" to include not only natural persons, but also business and governmental entities. The court based its decision on interpreting the intent of Congress; 524 U.S. at ——, 118 S.Ct. at 2098.

The United States Code states generally that "[i]n determining the meaning of any Act of Congress, unless the context indicates otherwise ... the words "person" and "whoever" include *corporations*, companies, associations, firms, partnerships, societies, and joint stock companies, *as well as individuals.*" 1 U.S.C. § 1 (emphasis added). Title 18 states that "[a]s used in this title, the term "organization" means a person *other than an individual.*" 18 U.S.C. § 18 (emphasis added). Section 1030 uses the term "person" in *addition to* the term "individual." *See* 18 U.S.C. § 1030(g) (providing that "[a]ny person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator"), discussed below. Middleton contends that these definitions show that Congress distinguishes between individuals and corporations. He contends while the term "person" encompasses both "corporations" and "individuals," the words "corporations" and "individuals" have different meanings. Middleton argues that Slip. net is an "organization" and a "person," but is not an "individual." Under Middleton's view, the government must show damage of $5,000 to a natural person, and not to a business entity such as Slip.net.

In interpreting the term "individual" broadly in the context of the Line Item Veto Act, the United States Supreme Court in *Clinton v. New York* stated that,

[t]here is no plausible reason why Congress would have intended to provide for such special treatment of actions filed by natural persons and to have precluded entirely jurisdiction over comparable cases brought by corporate persons. Acceptance of [that] reading of [the provision]

would produce an absurd and unjust result which Congress could not have intended. *Id.* at 2098 (internal quotation omitted).

■ This court believes that the same reasoning applies to the statute at issue here. The obvious purpose of Section 1030 is to protect the use of computers. Most of the use of computers, and particularly the use that could result in monetary damage, is in a business setting. It does not make sense that Congress would seek to protect the integrity of computers and their information, but would limit that protection to natural persons and not include business entities who are more likely to use computers.

A Congressional intention to encompass business entities also appears in the statute's definition of a "protected computer." That is defined in Section 1030(e)(2)(B) as including one "which is used in interstate or foreign commerce or communication." That is of course far more likely to incur when a computer is used by a business entity than by a natural person.

The court also believes that this intention is apparent from Subsection 1030(g), which creates a private right of action. That private right of action expressly applies to Subsection (e)(8)(A)'s definition of damage with which we are concerned in this indictment. That subsection grants a cause of action to "any person." As quoted above, the term "person" in the United States Code includes business entities as well as individuals. It would be inconsistent to grant a private right of action to a business entity, expressly including Subsection (e)(8)(A) damage, and then to say that (e)(8)(A) can apply only to natural persons.

The Congressional intent is also supported by some of the legislative history of the section. The 1996 Senate report makes no mention of any limitation on who the victims must be under the newly enacted Section 1030(e)(8). Instead, the report states: "The term 'damage' in new subsection 1030(e)(8), as used in the proposed amendment of subsection 1030(a)(5), would mean any impairment to the integrity or availability of data, information, program or system which (A) causes loss of more than $5,000 during any 1–year period...." S.Rep. No. 357, 104th Cong., 2nd Sess.1996 (1996 WL 492169).

■ The court therefore concludes that the statute encompasses damage sustained by a business entity as well as by a natural person. Defendant's motion to dismiss on this ground is therefore denied.

### III.

Defendant makes two motions regarding the government's theory of damage. Middleton asks the court to order the government to provide a bill of particulars on its claim of damage. Middleton also requests comprehensive discovery on the government's theory of damage.

■ The United States has provided to defendant in discovery a summary of damage that was allegedly sustained by Slip.net; see defendant's motion, Exhibit D. Defendant claims that the damage summary includes numerous hours of tasks that are not in fact related to repairing the damage allegedly caused by defendant. Defendant further argues that the $200 per hour hourly rate that is claimed for the repairs makes little sense because the people making the repairs were salaried employees. Those are really arguments about whether the government's evidence will be adequate to convince the trier of fact, not about the adequacy of the pretrial disclosure of the evidence. Defendant also questions whether the damage summary that the government has provided is a complete description of the damage that the government alleges defendant caused.

### A. *Motion for a bill of particulars*

■ Federal Rule of Criminal Procedure 7(f) provides that a court may direct the filing of a bill of particulars. The Ninth Circuit has stated:

> The purposes of a bill of particulars are threefold: To inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes.

*United States v. Ayers,* 924 F.2d 1468, 1483 (9th Cir.1991) (internal quotations omitted). As *Ayers* indicates, a bill of particulars is not meant to provide the defendant with all of the evidence that the government will intro-

duce at trial. Instead, the goal of a bill of particulars is satisfied if the defendant is aware of "the *theory* of the government's case." *United States v. Ryland,* 806 F.2d 941, 942 (9th Cir.1986).

Even if an indictment is vague, a bill of particulars is not necessary if the government's disclosures and discovery adequately advise the defendant of the charges against him. *See United States v. Long,* 706 F.2d 1044, 1054 (9th Cir.1983) ("Full disclosure will obviate the need for a bill of particulars."); *United States v. Mitchell,* 744 F.2d 701, 705 (9th Cir.1984).

Here, the indictment and the discovery provided by the government have adequately advised the defendant of the charges against him. The discovery from the government details the damage that the government alleges defendant caused. The government has also provided defendant with two e-mails from the system operator to the president of Slip.net, which states the damage that the system operator identified upon his first review of the damage.

Further, in its brief in opposition to the bill of particulars, the government further outlines its theory of damage. The government confirms defendant's understanding that the victim Internet Service Provider to which the indictment refers is Slip.net of San Francisco. The government also states that its theory of loss will be that the damage caused by defendant to the Slip.net computers caused Slip.net employees to expend time to investigate, identify, and correct the damage caused by Middleton, and take other security related steps. The government further details the time Slip.net employees expended. The government also explains that it believes that the time the employees expended can be fairly valued at a figure of at least their hourly wage or salary, plus the value of benefits and overhead.

The indictment, the discovery provided, and the government's disclosures in connection with this motion adequately advise defendant of the theory of the government's case. Defendant's motion for a bill of particulars is therefore denied.

> B. *Defendant's motion for further discovery.*

Defendant moves for the production by the government of four classes of documents, and other evidence related to proof of the damage to Slip.net. In its opposition, the government states that it has disclosed all documents in its possession that are covered by those requests. The government further represents that if and when it receives additional documents from Slip.net or elsewhere that fall under Rule 16 or its constitutional *Brady* obligations, the government will disclose them promptly. Defendant's motion is therefore denied.

### IV.

A trial setting conference will be held on January 29, 1999 at 1:30 p.m. to set dates for the trial, the pretrial conference, any additional motions, and any other necessary procedures.

IT IS SO ORDERED.